# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-02671-SVW-MRW | Date | July 2, 2019 |
| Title | *Pedro W. Barillas et al. v. FCA US LLC et al.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [22] AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [23]

## I. Introduction and Background

On March 1, 2019, Plaintiffs Pedro W. Barillas and Ingrid Martinez filed the instant suit against Defendants FCA US LLC and BN Dealership I, LLC (dba West Valley Chrysler Jeep). Dkt. 3, Ex. A. Plaintiffs assert claims against Defendant FCA for: (1) violation of the Song-Beverly Act (breach of express warranty); (2) violation of the Song-Beverly Act (breach of implied warranty); and (3) violation of Cal. Civ. Code § 1793.2. Plaintiffs bring one claim against Defendant West Valley Chrysler Jeep for negligent repair. *Id.*

On April 8, 2019, Defendant FCA removed the action to this Court. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* at 3. Plaintiffs now move to remand the action to state court on the ground that Defendants have not met their burden to establish diversity jurisdiction. Dkt. 22.

## II. Summary of Allegations

### A. Allegations of the Complaint

The crux of Plaintiffs' allegations is that in 2012, Plaintiffs purchased a new 2012 Jeep Grand Cherokee that was manufactured and/or distributed by Defendant FCA. Dkt. 3, Ex. A ¶¶ 9, 14. The

Initials of Preparer : 

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02671-SVW-MRW | Date | July 2, 2019 |
|---|---|---|---|

| Title | *Pedro W. Barillas et al. v. FCA US LLC et al.* |
|---|---|

vehicle was delivered to Plaintiffs with, and further developed, a variety of defects during the warranty period, including suspension, electrical, engine, and transmission defects. *Id.* ¶ 10. Plaintiffs allege that Defendant FCA was unable to conform their vehicle to the applicable express warranties after a reasonable number of repair attempts. *Id.* ¶ 24. Plaintiffs also allege that they delivered the vehicle to Defendant West Valley Chrysler Jeep for repair on numerous occasions, and that it failed to properly store, prepare, and repair the vehicle in accordance with industry standards. *Id.* ¶¶ 58, 60. Plaintiffs seek actual damages, restitution, and civil penalties. *Id.* at 8.

### B. Allegations Regarding Removal

Defendant FCA alleged removal jurisdiction based on complete diversity of the parties. Defendant FCA is a limited liability company, organized under the laws of the State of Delaware and with its principal place of business in Michigan. Dkt. 24 at 5. Plaintiffs are citizens and residents of the State of California. *Id.* Defendant West Valley Chrysler Jeep is also alleged to be a citizen of California. *Id.* However, Defendant FCA alleges that Defendant West Valley Chrysler Jeep is a sham defendant, joined only to defeat diversity jurisdiction. *Id.* at 5-6.

## III. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

**IV.     Analysis**

Plaintiffs contend that Defendants have failed to meet their burden to establish diversity jurisdiction because they have not established that Defendant West Valley Chrysler Jeep is fraudulently joined. Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis added). Furthermore, the Ninth Circuit has held that a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Here, Defendants contend that Defendant West Valley Chrysler Jeep is a sham defendant because the only claim against it is a negligent repair claim, and Plaintiffs cannot state a negligent repair claim because the claim is barred by the economic loss rule. Dkt. 24 at 6. According to Defendants, the economic loss rule bars any claim for negligent repair unless the alleged losses are accompanied by personal injury or physical damage to property, and here Plaintiffs have not alleged any personal injury or property damage. *Id.* at 6-8.

Defendants' arguments are insufficient to establish that Defendant West Valley Chrysler Jeep cannot be liable on any theory. In particular, it is not obvious under California law that Plaintiffs' negligent repair claim against Defendant West Valley Chrysler Jeep is barred by the economic loss rule. The Complaint alleges that Defendant West Valley Chrysler Jeep failed to properly store, prepare, and repair the vehicle in accordance with industry standards. Although the economic loss rule generally only "allows a plaintiff to recover . . . in tort when a product defect causes damage to 'other property,' that is, property *other than the product itself*," *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002) (emphasis in original), there are some exceptions. For example, the "economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02671-SVW-MRW | Date | July 2, 2019 |
|---|---|---|---|

| Title | *Pedro W. Barillas et al. v. FCA US LLC et al.* |
|---|---|

portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.* This exception to the economic loss rule has "over time expanded to include damage to one part of a product caused by another, defective part." *Id.* at 484 (internal citation and quotation marks omitted). The question of whether an economic loss rule exception will ultimately apply in this case is not for the Court to determine at this stage; rather, the Court is to assess only whether there is a possibility that a state court would find that the Complaint does—or an amended complaint could—state a claim. The Court finds that there is such a possibility,[1] and accordingly grants Plaintiffs' motion to remand.

## V. Conclusion

The Court GRANTS Plaintiffs' motion and REMANDS the case to state court for lack of subject-matter jurisdiction. Dkt. 22. The Court DENIES Plaintiffs' motion for judgment on the pleadings as moot. Dkt. 23.

IT IS SO ORDERED.

---

[1] Plaintiffs have alleged defects that could conceivably be related, for example where one defect leads to or causes another defect.

:

Initials of Preparer

PMC